**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

INTENT IQ, LLC,

                Plaintiff,

          v.

SNAP INC.,

                Defendant.

Case No.   7:25-cv-00181

**JURY TRIAL DEMANDED**

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST
SNAP INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Intent IQ, LLC ("Plaintiff") makes the following allegations against Defendant Snap Inc. ("Defendant" or "Snap"):

**INTRODUCTION AND PARTIES**

1.      This complaint arises from Defendant's unlawful infringement of the following United States patent owned by Intent IQ, which generally relates to novel internet / network based advertising systems and methods: United States Patent No. 10,321,198 (the "Asserted Patent"). Intent IQ owns all right, title, and interest in each of the Asserted Patent to file this case.

2.      Intent IQ is a leading company in the field of cross-device-based ad targeting, retargeting, audience extension, and attribution. Inten IQ's "Dynamic Device Map" identifies a given user across multiple device types, including laptops, desktops, smartphones, tablets, and televisions, so as to assist advertisers in delivering targeted ads to consumers on all of their screens. Intent IQ can facilitate ad targeting based on profile data aggregated from activity on any of a

1

user's screens, as well as measure the impact of previously delivered ads on the same or different screen.

3.    On information and belief, Defendant is a Delaware corporation with a principal place of business at 2772 Donald Douglas Loop North, Santa Monica, CA 90405 and a regular and established place of business located at 405 Colorado Street Austin, Texas 78701. Defendant may be served with process through its registered agent, the Corporation Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78701-3218.

### JURISDICTION AND VENUE

4.    This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated under the laws of the state of Delaware and has a place of business in this district at 405 Colorado Street Austin, Texas 78701. Defendant has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patent.

6.    Venue is proper in this District because Defendant has a regular and established place of business in this District and has committed acts of infringement within this District.

### COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 10,321,198

2

7. Intent IQ realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns all rights, title, and interest in U.S. Patent No. 10,321,198, titled "systems and methods for dealing with online activity based on delivery of a television advertisement," issued on June 11, 2019 ("the '198 patent"). A true and correct copy of the '198 patent is attached as Exhibit 1.

9. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports the Accused Instrumentalities (Snapchat's computer systems that implement and provide Snapchat Ads, including but not limited to components such as Activity-Based Ads, Audience Targeting, Predefined Audiences, Devie Targeting, and Snap Pixel) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '198 patent.

10. The infringement of the '198 patent is also attributable to Defendant. Defendant and/or users of the Accused Instrumentalities direct and control use of the Accused Instrumentalities to perform acts that result in infringement of the '198 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

11. The Accused Instrumentalities perform all claim limitations of one or more method claims of the '198 patent. A claim chart comparing independent method claim 1 of the '198 patent to a representative Accused Instrumentalities is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

12. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiff and is liable for infringement of the '198 patent pursuant to 35 U.S.C. § 271.

3

13.     As a result of Defendant's infringement of the '198 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

14.     Plaintiff is entitled to past damages for Defendant's infringement of the '198 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiff has only asserted method claims of the '198 patent.

15.     Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '198 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.     A judgment in favor of Plaintiff that Defendant has infringed the Asserted Patent, either literally and/or under the doctrine of equivalents;

b.     A permanent injunction prohibiting Defendant from further acts of infringement of the Asserted Patent;

c.     A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patent;

d.     A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 18, 2025                  Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie
Marc A. Fenster
Brian D. Ledahl
Adam S. Hoffman
James A. Milkey
Philip X. Wang
James Tsuei
Jonathan Ma
Joshua M. Scheufler
Daniel B. Kolko
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
jmilkey@raklaw.com
pwang@raklaw.com
jtsuei@raklaw.com
jma@raklaw.com
jscheufler@raklaw.com
dkolko@raklaw.com

*Attorneys for Plaintiff*
*Intent IQ, LLC*